IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TANGIE Y. CURTIS | ) | |
| | ) | |
| v. | ) | NO. 3:11-0258 |
| | ) | |
| VANDERBILT UNIVERSITY MEDICAL CENTER | ) ) | |

TO: The Honorable Kevin H. Sharp, District Judge

# REPORT AND RECOMMENDATION

By Order entered April 12, 2011 (Docket Entry No. 4), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion for summary judgment (Docket Entry No. 18) filed by Defendant Vanderbilt University. The Plaintiff has filed a response in opposition (Docket Entry Nos. 27-28), and Defendant has filed a reply. See Docket Entry No. 30. For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

## I. PROCEDURAL BACKGROUND

The Plaintiff filed this action pro se and in forma pauperis on March 18, 2011, against her employer, the Vanderbilt University Medical Center ("Vanderbilt University"), where she currently

works as a Central Appointment Scheduler in the Call Center. The Plaintiff brings claims of racial discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII"), seeking damages and injunctive relief. The entirety of the factual allegation set out in the Complaint are as follows:

> November 2009 I complained about my office supervisor grabbing himself in front of me and another female, then around June 2010 he starred [sic] at me about an hour I went to the manager and she replied it was ok for management to stare at employees, I was placed in a position from March to July and was asked by management if I wanted the position I replied yes it was given to a person who had not been with Vandy 6 months. I complained and was placed on performance improvement for using the restroom longer than other employees.

See Complaint (Docket Entry No. 1), at 3.

Attached to the Complaint is the Charge of Discrimination ("Charge") filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") on December 10, 2010. In the Charge, the Plaintiff marked the box for "Retaliation" as the basis for her claim and set out the following:

> I was hired by the above-named employer in December 1985. I currently hold the position of Central Appointment Scheduler. On or about June 2010, I made a complaint against Larry Byrd, Supervisor, about him constantly staring at me. I informed Jennifer Mitchell, Supervisor, who indicated "Management can stare at you." Following her inaction, I went to her boss who asked me if I wanted to move and I did. Since then, Mr. Byrd has continued to come to my cubicle; however, I have not made any other complaints. On December 9, 2010, I received a Performance Improvement Plan regarding my alleged "Decreased productivity and Time Management Concerns." Mr. Byrd and Ms. Mitchell have made comments about my excessive time taking restroom breaks and socializing. Mr Byrd went so far as to say that I have been to the restroom 60 times in the past 22 days and that it takes me approximately 10 minutes in the restroom and everyone else only 7 minutes.
>
> I believe that I have been retaliated against for making a complaint against Mr. Byrd in violation of Title VII of the Civil Rights Act of 1964, as amended.

See Docket Entry No. 1, at 8. The Plaintiff was issued a right-to-sue letter from the EEOC, dated December 20, 2010, which she asserts she received on December 21, 2010. Id. at 3.

On May 12, 2011, the Defendant filed an answer (Docket Entry No. 10) admitting that a charge of discrimination had been filed against it by the Plaintiff but denying the allegations of wrongdoing. A scheduling order (Docket Entry No. 15) was entered providing for a period of pretrial discovery.

On October 28, 2011, Defendant filed the pending motion for summary judgment. In its motion, Defendant argues that the Plaintiff's racial discrimination claim warrants dismissal because it was not included in the Charge and, thus, was not administratively exhausted. The Defendant contends that, even if a claim of racial discrimination had been administratively exhausted, summary judgment should be granted on the claim because the Plaintiff cannot show an evidentiary basis supporting a claim of racial discrimination. With respect to the Plaintiff's retaliation claim, the Defendant contends that there is likewise no evidentiary basis supporting a retaliation claim. The Defendant contends that there are no genuine issues of material fact which require that the Plaintiff's claims be decided by a jury and that it is entitled to summary judgment as a matter of law. The Defendant supports its motion with excerpts from the Plaintiff's deposition (Docket Entry No. 20-1), the affidavit of Jennifer Mitchell (Docket Entry No. 22), and the affidavit of Larry Byrd (Docket Entry No. 23).

In her response, the Plaintiff does not directly address any of the arguments for summary judgment made by the Defendant but instead sets forth the following statement:

> I was harassed sexually and publicly in front of my peers at work and Vanderbilt did not take appropriate steps to protect me as an employee. I will prove by testimony

or witnesses that watched for two years what I went thru (sic) I would like to go to trial and prove my case. I want justice for the way I was treated.

See Docket Entry No. 27, at 1. In addition, the Plaintiff submits responses to the 124 statements of undisputed material facts set out in the Defendant's Local Rule 8(b)(7) Statement of Undisputed Material Facts. See Docket Entry No. 28. The Defendant replies that the response filed by the Plaintiff does not show that genuine issues of material fact exist or that there is any evidence supporting her Title VII claims. See Reply Brief (Docket Entry No. 30).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith

Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. CONCLUSIONS

A. Sufficiency of the Plaintiff's Response

The Plaintiff's pro se status does not relieve her of the obligation under Rule 56 of the Federal Rules of Civil Procedure to set forth admissible evidence that shows that genuine issues of material fact exist which require that the action proceed to trial. This is the basic requirement for all non-moving parties when summary judgment is sought by one of the parties. Sixty Ivy St. Corp. v. Alexander, 822 F.2d 1432, 1435 (6th Cir. 1987). Factual statements must be submitted in the form of an affidavit which has been sworn to by the affiant, a statement submitted under the penalty of perjury in accordance with 28 U.S.C. § 1746, deposition testimony, and/or answers to discovery requests. Factual statements not in these forms should be disregarded by the Court. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158 n.17, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 969 (6th Cir. 1991). Although the Plaintiff has submitted responses to the Defendant's Statement of Undisputed Material Facts, her responses are unsworn and are not otherwise supported by reference to any evidence that is in the record. Such statements simply cannot be relied on in support of her opposition to summary judgment. Accordingly, the Court has disregarded these statements except to the extent that the Plaintiff's deposition testimony otherwise supports any of her unsworn factual statements.

Further, the Court is not obligated to sift through the entire record on behalf of the Plaintiff to determine whether or not a material factual dispute exists. Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479-80 (6th Cir. 1989). The Defendant, through its motion for summary judgment, has specifically pointed out what it believes to be the legal deficiencies in the Plaintiff's case and it is the Plaintiff's burden to rebut these arguments by pointing to specific admissible evidence which

6

supports her claims. Lujan, 497 U.S. at 888; Banks, 330 F.3d at 892. However, in her Response (Docket Entry No. 27), the Plaintiff does not address any of the arguments for dismissal raised by the Defendant but instead contends that she has been sexually harassed, even though she has not asserted a claim based on sex in this case.

B. Racial Discrimination Claim

1. Exhaustion

A plaintiff must file a charge of discrimination with the EEOC and receive a right-to-sue letter before commencing litigation. See 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(f). This requirement serves to trigger an investigation into the alleged discrimination as well as conciliatory procedures. See Cleveland Branch, N.A.A.C.P. v. City of Parma, 263 F.3d 513, 534 (6th Cir. 2001). In light of this requirement, as a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included the plaintiff's EEOC charge of discrimination. Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361 (6th Cir. 2010).

The Charge filed by the Plaintiff refers only to a claim of retaliation, does not include a checkmark in the box for indicating that the Charge was filed based on racial discrimination, and does not include any allegations of racial discrimination in the narrative section of the charge. See Docket Entry No. 1, at 8. As such, her racial discrimination claim is presumptively barred because it was not presented to the EEOC.

However, there is an exception in this Circuit in situations when the plaintiff proceeded without the assistance of counsel in filing the charge of discrimination. This exception allows a claim not explicitly included in a charge of discrimination to be brought in a lawsuit if the uncharged

claim can be viewed as one that would reasonably be expected to grow out of the scope of the charge that was filed. See Tisdale v. Federal Exp. Corp., 415 F.3d 516, 527-28 (6th Cir. 2005); Dixon v. Ashcroft, 392 F.3d 212, 217 (6th Cir. 2004); Davis v. Sodexho, Cumberland Coll. Cafeteria, 157 F.3d 460, 463 (6th Cir. 1988).

In the instant action, the Plaintiff filed her Charge without the assistance of counsel. Although not clearly explained by either party, it appears undisputed that the Plaintiff met with an EEOC employee and verbally recounted her allegations to the employee, after which the employee typed the Charge and gave it to the Plaintiff to sign. See Plaintiff's Deposition (Docket Entry No. 20-1), at 57-58. In her deposition, the Plaintiff testified that she had told the EEOC employee more than what was recounted in the Charge, had complained about the conduct of her supervisor, Mr. Byrd, and had told the employee that she believed that she had suffered racial discrimination as well as retaliation. Id. Although the Plaintiff acknowledges that the box for race discrimination was not marked, she testified that she was upset and crying at the time she met with the EEOC employee. Id.

The Defendant contends that, although the Plaintiff was not assisted by counsel before the EEOC, she undisputedly signed off on the Charge that was presented to her by the EEOC employee and she took no subsequent action to amend her Charge or otherwise alert the EEOC that the Charge did not encompass her complete allegations. Further, they point out that the explanation letter from the EEOC to the Plaintiff in response to her Charge indicates that the EEOC's investigation of the matter focused solely upon her claim of retaliation. See Docket Entry No. 1, at 6. In the face of these undisputed facts, the Defendant argues that this Court should follow the holdings in Novistsky v. Am. Consulting Eng'rs, L.L.C., 196 F.3d 699, 701 (7th Cir. 1999), and Marcelus v. Corrections

Corp. of Am./Corr. Treatment Facility, 540 F.Supp.2d 231, 246 (D.D.C. 2008), in strictly holding the Plaintiff to the four corners of her Charge.

While the Defendant's argument is certainly legally tenable,[1] the Court is reluctant to strictly hold the Plaintiff to review of only her retaliation claim in light of the Sixth Circuit's decision in Tisdale permitting a plaintiff to proceed on an uncharged claim when, like the instant plaintiff, his charge of discrimination was prepared by an EEOC employee based on his recounting of facts to the employee and when, like the instant plaintiff, he did not subsequently amend or correct either factual errors in the charge of discrimination or the omission of a checkmark in the box for the uncharged claim. See 415 F.3d at 527-28. Although there is no reference to alleged racial discrimination contained in the Plaintiff's Charge, because engaging in protected activity under Title VII is a necessary element for the Plaintiff's claim of retaliation, it is reasonable to expect that the EEOC would have conducted at least some investigation into the precipitating alleged unlawful activity which formed the basis for the Plaintiff's protected activity as part of its investigation into the retaliation claim. Accordingly, the Court is inclined to give the pro se Plaintiff the benefit of a liberal construction of her Charge and an expansive interpretation of the Tisdale holding so that her racial discrimination claim can be reviewed on its merits. See Allen v. Highlands Hosp. Corp., 545 F.3d 387, 401-02 (6th Cir. 2008) (merits of age discrimination claim may be reviewed on merits even though a legitimate question was raised by the defendant as to the exhaustion of a claim not specifically raised in the charge of discrimination).

---

[1] Marcelus is a factually similar case but is only persuasive authority. Novitsky is factually distinguishable because the plaintiff in that case was accompanied by counsel at the time of filing the charge of discrimination with the EEOC. See 196 F.3d at 702.

2. Merits

Title VII of the Civil Rights Act of 1964 makes it an unlawful employment practice for an employer "to discriminate against any individual with respect to his [or her] compensation, terms, conditions or privileges of employment, because of such individual's . . . race ." See 42 U.S.C. § 2000e-2(a)(1). In her complaint, the Plaintiff's racial discrimination claim is based upon four distinct allegations: 1) in November 2009, her office supervisor grabbed himself in front of the Plaintiff and a female co-worker; 2) in June 2010, the supervisor stared at her for about an hour and her manager said that was "ok;" 3) a position she wanted was given to another person who had not worked at Vanderbilt for very long; and 4) she was placed on a performance improvement plan for taking restroom breaks that were too long. See Complaint (Docket Entry No. 1), at 3. Each of these allegations suffers from evidentiary or legal shortcomings which requires that summary judgment be granted to the Defendant. There is insufficient evidence in the record upon which a reasonable jury could find in favor of the Plaintiff on a claim of racial discrimination based upon these allegations.

A racial discrimination claim is not supported by the two allegations of workplace conduct by her supervisor about which she complains. As an initial mater, Title VII provides that to maintain a claim against an employer in a deferral state, an employee must file a charge with the EEOC within 300 days "after the alleged unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).[2] The "grabbing" incident involves an event that occurred more than 300 days prior to the Plaintiff's

---

[2] Because Tennessee has enacted state laws prohibiting employment discrimination, it is a "deferral state" for the purposes of federal discrimination statutes. Accordingly, the plaintiff has 300 days within which to file a charge of discrimination instead of 180 days as is the case in non-deferral states. See Weigel v. Baptist Hosp. of E. Tenn., 302 F.3d 367, 375-76 (6th Cir.2002).

filing of her Charge and is, thus, not timely.³ The Plaintiff has not argued or shown any basis that justifies consideration of this untimely allegation.

Furthermore, neither of the alleged incidents evidences unlawful activity under Title VII. The allegations appear to be asserted as a hostile work environment claim. Although a claim under Title VII can be premised upon allegations that an employee was subjected to a hostile work environment, such an environment only exists when the workplace is permeated with racial intimidation, ridicule, and insult that is sufficiently severe and pervasive to alter the conditions of the Plaintiff's employment, and if an objectively reasonable person would view, and the Plaintiff herself did view, the environment as abusive. See Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 78, 81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998); Harris v. Forklift Sys., Inc., 510 U.S. 17, 21-22, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993). See also Barrett v. Whirlpool Co., 556 F.3d 502, 515 (6th Cir. 2009). A hostile workplace claim cannot be predicated upon evidence of mere conflict, dissension, or turmoil in the workplace. There must be actual evidence of racial animus. See Arendale v. City of Memphis, 519 F.3d 587, 605-06 (6th Cir. 2008). The Plaintiff fails to offer any evidence whatsoever that her workplace was permeated with racially tinged intimidation, ridicule, or insult, and her allegations of these incidents fall far short of showing that she was subjected to a racially hostile work environment. While the incidents may have reflected unprofessionalism on the part of her supervisor, Title VII does "not guarantee a utopian workplace, or even a pleasant one," Vore v. Indiana Bell Tel. Co., Inc., 32 F.3d 1161, 1162 (7th Cir. 1994), and Title VII is not

---

³ The date on which the incident occurred is unclear. In the Complaint, the Plaintiff alleges that she complained about the incident in November 2009. See Docket Entry No. 1, at 3. At her deposition, the Plaintiff testified that it occurred on December 22, 2009. See Docket Entry No. 20-1, at 40-41. The exact date is immaterial, however, because even the latest of these two dates is beyond the 300 day period from the date the Charge was filed.

intended to redress general employee dissatisfaction or to remedy every workplace dispute. See White v. Burlington N. & Santa Fe Ry. Co., 364 F.3d 789, 795 (6th Cir. 2004), aff'd Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 126 S.Ct. 2405, 165 L.Ed.2d 345 (2006).

The Plaintiff's third allegation of racial discrimination is that she was denied a promotion to another scheduling position in the Call Center for which she had performed some duties on an interim basis. The position was ultimately filled by another employee, Lisa Johnston, who had worked at Vanderbilt University for less time than the Plaintiff. The Plaintiff offers no direct evidence supporting this claim. Accordingly, the claim is analyzed under the evidentiary framework for cases based upon circumstantial evidence set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824, 36 L. Ed. 2d 668 (1972), and Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed.2d 207 (1981).

The Plaintiff must first establish a prima facie case of a discriminatory failure to promote by showing that: (1) she is a member of a protected class; (2) she applied and was qualified for a promotion; (3) she was considered for and denied the promotion; and (4) another individual of similar qualifications who was not a member of the protected class received the promotion. See White v. Columbus Metro. Hous. Auth., 429 F.3d 232, 240 (6th Cir. 2005); Dews v. A.B. Dick Co., 231 F.3d 1016, 1020-21 (6th Cir. 2000). If the Plaintiff establishes a prima facie case, a rebuttable presumption of unlawful discrimination is created and the burden shifts to the Defendant to articulate a legitimate nondiscriminatory reason for the challenged action. Burdine, 450 U.S. at 254-56. Upon the Defendant's offer of a legitimate reason, the burden shifts back to the Plaintiff to demonstrate that the proferred reason is pretextual, masking intentional discrimination. Dews, 231 F.3d at 1021.

The Defendant initially argues that the Plaintiff cannot show a prima facie case. However, even if the Court presumes that the Plaintiff makes a showing of a prima facie case, the Defendant is nonetheless entitled to summary judgment on the issue of pretext. The Defendant maintains that Lisa Johnston was selected for the position because she was viewed as the best candidate because of her lengthy history of working in the healthcare industry prior to working at Vanderbilt University and her technical experience working with software applications necessary for the position, and because she was able to train for the position on short notice. See Affidavit of Jennifer Mitchell (Docket Entry No. 22), at ¶¶ 14-15. This proffered reason is both legitimate and non-discriminatory and shifts the burden to the Plaintiff to show that the Defendant's decision to hire Ms. Johnston was pretextual and masked unlawful racial discrimination. The Plaintiff can demonstrate pretext by showing that the proffered reason: (1) has no basis in fact; (2) did not actually motivate the challenged conduct; or (3) was insufficient to warrant the challenged conduct. Id. The ultimate burden of persuasion always remains with the Plaintiff. St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 511, 517-18, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

In the instant case, the Plaintiff has pointed to no actual evidence which would suggest that the Defendant's stated reason for choosing Ms. Johnston over her is pretextual. The mere fact that the Plaintiff may believe that she was at least as well-qualified as Ms. Johnston is not sufficient to carry her burden of production because "[a] plaintiff's conclusory allegations and subjective beliefs are not a sufficient basis to deny summary judgment." Johnson v. Interstate Brands Corp., 351 Fed.Appx. 36, 42, 2009 WL 3583397, *5 (6th Cir. Nov. 3, 2009). Moreover, a comparison between the relative qualifications of candidates establish triable issues of fact as to pretext only "where the evidence shows that either (1) the plaintiff was a plainly superior candidate, such that no reasonable

13

employer would have chosen the latter applicant over the former, or (2) plaintiff was as qualified as (sic) if not better qualified than the successful applicant, and the record contains 'other probative evidence of discrimination.'" Provenzano v. LCI Holdings, Inc., 663 F.3d 806, 815 (6th Cir. 2011) (citation omitted). The Plaintiff has failed to show that she was a superior candidate to Ms. Johnston or point to any evidence in the record which would even arguably suggest that consideration of race was a factor in the Defendant's hiring decision.

The Plaintiff's final allegation is that Larry Byrd placed her on a Performance Improvement Plan ("PIP") in December 2010, for the asserted reason of time management concerns and decreased productivity related to alleged excessive bathroom breaks by the Plaintiff during November 2010. See Affidavit of Larry Byrd (Docket Entry No. 23), at ¶¶ 10-12. Although the Plaintiff fails to specifically assert this claim as one of racial discrimination, it can be liberally viewed as a claim of disparate treatment on account of her race.

For any disparate treatment claim, the plaintiff must show that she suffered an adverse employment action in order to satisfy a prima facie case. See Mitchell v. Vanderbilt Univ., 389 F.3d 177, 185 (6th Cir. 2005); DiCarlo v. Potter, 358 F.3d 408, 415 (6th Cir. 2004). The challenged employment action(s) must amount to a "materially adverse change in the terms or conditions of . . . employment" and "must be more disruptive than a mere inconvenience or an alteration of job responsibilities." Kocsis v. Multi-Care Mgmt., Inc., 97 F.3d 876, 885-86 (6th Cir. 1996). An adverse employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742, 761, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). This requirement is designed to prevent lawsuits that are based upon

trivial, minor, or routine workplace dissatisfactions. White, 364 F.3d at 795. As the Sixth Circuit explained, "[n]ot every act affecting an individual's employment can be considered an adverse employment action." McMillian v. Potter, 2005 WL 1140629, *3 (6th Cir. May 11, 2005) (citing Burlington Indus., 524 U.S. at 761). In the absence of evidence of a materially adverse employment action by the employer, the mere fact that a plaintiff shows that she received some type of negative treatment by her employer or was treated differently in some respects than other employees outside the protected class is insufficient to support a claim of disparate treatment.

The Sixth Circuit Court of Appeals has consistently required that the challenged employment action be significant in order for it to be deemed materially adverse. For example, a plaintiff fails to show an adverse employment action based upon evidence of confrontations and harsh words from supervisor and that the plaintiff was briefly placed on paid administrative leave, Michael v. Caterpillar Fin. Servs. Corp., 496 F.3d 584, 594 (6th Cir. 2007); evidence of increased scrutiny of the plaintiff's work, Birch v. Cuyahoga County Probate Court, 392 F.3d 151, 169 (6th Cir. 2004); evidence of a substantial reduction of lab space, revocation of mentor status, loss of a research assistant, forced review of grant applications, removal from directorship position, and non-selection for a lateral position, Mitchell, 389 F.3d at 181-83; evidence that the plaintiff was required to comply with a performance plan, Agnew v. BASF Corp., 286 F.3d 307, 310 (6th Cir. 2002); and evidence of the plaintiff's receipt of "counseling memoranda" disciplining him for specific rules infractions and evidence that he was monitored more closely than other employees, Allen v. Michigan Dep't of Corr., 165 F.3d 405 (6th Cir. 1999).

In the instant action, summary judgment should be granted to the Defendant on this claim because the Plaintiff fails to show that she suffered an adverse employment action. Although being

15

placed on a PIP is certainly not an event which an employee would be expected to welcome or which would be viewed as positive, the Plaintiff fails to provide any evidence showing that the PIP was accompanied with such significant consequences that it can be viewed as an adverse employment action for the purposes of Title VII.

C. Retaliation Claim

Title VII forbids an employer from "discriminat[ing] against any . . . employee[s] . . . because [the employee] has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII.]." 42 U.S.C. § 2000e-3(a). Unlawful employment practices under Title VII include any actions taken on the basis of race, color, religion, sex, or national origin that "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2. See Imwalle v. Reliance Med. Prods., Inc., 515 F.3d 531, 543 (6th Cir. 2008). A plaintiff may establish a claim of retaliation under Title VII either by introducing direct evidence of retaliation or by proffering circumstantial evidence that would support an inference of retaliation. Id. at 542.

The Plaintiff does not set forth any direct evidence of retaliation.[4] Instead, the Plaintiff's claim is advanced as a circumstantial case in which the retaliation claim is analyzed under the evidentiary framework set out in McDonnell Douglas, supra, and Burdine, supra, that is used to assess claims of racial discrimination. See Wrenn v. Gould, 808 F.2d 493, 500 (6th Cir. 1987). In

---

[4] Direct evidence, if believed, requires no inferences to conclude that unlawful retaliation was a motivating factor in the challenged action. Abbott v. Crown Motor Co., 348 F.3d 537, 542 (6th Cir. 2003).

order to establish a retaliation claim, the Plaintiff must show a prima facie case by setting forth evidence that: (1) she engaged in an activity protected by Title VII; (2) this exercise of protected rights was known to the defendant; (3) the Defendant thereafter took action that a reasonable person would have found to be materially adverse; and (4) a causal connection existed between the protected activity and the adverse employment action or harassment. See Burlington Northern, 548 U.S. at 68; Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 345-49 (6th Cir. 2008); Morris v. Oldham Cnty. Fiscal Court, 202 F.3d 784, 792 (6th Cir. 2000). "If and when a plaintiff has established a prima facie case, the burden of production of evidence shifts to the employer to 'articulate some legitimate, nondiscriminatory reason' for its actions." Morris, 202 F.3d at 792-93 (citation omitted). Upon the defendant's offer of a legitimate, nondiscriminatory reason, the burden shifts back to the plaintiff to demonstrate that the asserted reason is pretextual, masking retaliation. Virts v. Consolidated Freightways Corp., 285 F.3d 508, 521 (6th Cir. 2002); Dews, 231 F.3d at 1021.

     Initially, the Court is wholly unpersuaded by the Defendant's argument that, because the Plaintiff checked the box stating she was "retaliated against . . . for having filed a charge of discrimination," which is pre-printed language included in the form complaint that she used to file her action, her retaliation claim is limited to a claim of retaliation for acts by the Defendant which occurred subsequent to her filing of the Charge on December 10, 2010. See Supporting Memorandum (Docket Entry No. 19), at 23. This argument is difficult to understand. Any reasonable reading of the Complaint and the accompanying EEOC Charge belies such an argument. Under the opposition clause of 42 U.S.C. § 2000e-3(a), an employee's opposition of an unlawful employment practice constitutes protected activity even if the opposition precedes formal EEOC proceedings. See Booker v. Brown & Williamson Tobacco Co., 879 F.2d 1304, 1312 (6th Cir.

17

1989); Holden v. Owens-Illinois, Inc., 793 F.2d 745, 748 (6th Cir. 1986). Thus, the Plaintiff's internal complaint to Vanderbilt University in November or December 2009, about Mr. Byrd's alleged sexually suggestive "grabbing" suffices to satisfy the protected activity requirement since such a complaint can be seen as opposing unlawful activity.

The Plaintiff's complaint about Mr. Byrd staring at her, however, is too vague and general to suffice as opposing unlawful activity sufficient to buttress a retaliation claim. The opposition clause "does not protect all opposition activity." Holden, 793 F.2d at 751. The act of opposition must be specific and must be directed at unlawful acts. See Fox v. Eagle Distrib. Co., Inc., 510 F.3d 587, 591-92 (6th Cir. 2007). Merely lodging a complaint about a supervisor unrelated to some activity made unlawful under Title VII does not amount to protected activity. See Willoughby v. Allstate Ins. Co., 104 Fed. Appx. 528, 531 (6th Cir. 2004); Sitar v. Indiana Dept. of Transp., 344 F.3d 720, 727 (7th Cir. 2003); Booker, 879 F.2d at 1313; Barber v. CSX Distrib. Servs., 68 F.3d 694, 701-02 (3rd Cir. 1995).

After review of the record, the Court finds that the Plaintiff's supporting evidence is insufficient to satisfy her burden to establish a prima facie case because there is a lack of evidence showing a causal connection between the protected activity and the two acts taken by Vanderbilt University, failing to promote her in the summer of 2010, and her placement on the PIP in December 2010, which are alleged to be acts of retaliation. Both alleged retaliatory actions occurred several months after the protected activity, which weighs against a finding of a causal connection between the two events. See Clay v. United Parcel Serv., Inc., 501 F.3d 695, 718 (6th Cir. 2007) (without more, a six month period between protected activity and adverse action was too attenuated to show causation). When there is no temporal proximity supporting an inference of retaliatory causation,

18

in order to rely on circumstantial evidence to show a causal connection, the Plaintiff must show "other indicia of retaliatory conduct." Randolph v. Ohio Dept. of Youth Servs., 453 F.3d 724, 737 (6th Cir. 2006). See also Mickey v. Zeidler Tool & Die Co., 516 F.3d 516, 525 (6th Cir. 2008); Little v. BP Exploration & Oil Co., 265 F.3d 357, 364 (6th Cir. 2001). There is no such evidence before the Court. The Plaintiff's only support for her claim of retaliation is her subjective opinion. Such evidence is simply insufficient to support such a claim. See McDonald v. Union Camp Corp., 898 F.2d 1155, 1162 (6th Cir. 1990); Locke v. Commercial Union Ins. Co., 676 F.2d 205, 206 (6th Cir. 1982).[5]

## RECOMMENDATION

For the foregoing reasons, the Court respectfully RECOMMENDS that the Defendant's Motion for Summary Judgment (Docket Entry No. 18) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation.

---

[5] Because the Plaintiff fails to establish the final element of a prima facie case, there is no need for the Court to address the Defendant's argument that the Plaintiff lacks proof on the issue of pretext. However, the Court's analysis and finding that the Plaintiff did not meet her burden to show that the Defendant's proferred reason for not promoting her was pretextual, see supra at Section III(B)(2), would be applicable to the Plaintiff's retaliation claim as well.

19

See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

    Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge